FILED

2023 Apr-27  PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **AMY NICOLE SEAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **No. 3:23-cv-00462-CLS** |
| | ) |
| **VGW, LTD., VGW HOLDINGS US, INC., VGW US, INC., and VGW LUCKYLAND, INC.,** | ) ) ) |
| | ) |
| **Defendants.** | ) |

## MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447, plaintiff Amy Nicole Seal moves to remand this civil action to the Circuit Court of Franklin County, Alabama, from whence it was improvidently removed. In support of this motion, plaintiff states as follows:

## INTRODUCTION

1.      Defendants base their claim of federal court jurisdiction on the diversity statute, 28 U.S.C. § 1332. This statute contemplates three possible ways that the amount in controversy requirement for diversity jurisdiction may be satisfied. First, a case may be a class action with an aggregate amount in controversy of at least $5,000,000 pursuant to the Class Action Fairness Act of 2005. Second, a case could be a mass action having in excess of 100 individual plaintiffs joined for a single trial with a minimum amount in controversy of $5,000,000 under CAFA.  Finally, a case

could be one with $75,000 in controversy with regard to each party on whose behalf the action is brought. As we explain below, this case is none of the three.

2.     Indeed, defendants do not even argue that this is a class or mass action under CAFA. This is so because the authorities are unanimous that this is neither a class or mass action within CAFA's meaning, which we explain below out of an abundance of caution. Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 176 (2014) (absent parties in state attorney general action did not count toward CAFA's requirement that mass actions include 100 plaintiffs joined in one action); See e.g., Canela v. Costco Wholesale Corp., 971 F. 3d 845, 851 (9th Cir. 2020) (one of numerous cases holding that cases that are not brought under Rule 23 or an analogous state rule allowing class actions, with requirements of commonality, numerosity, typicality, adequacy of representation, and notice to absent class members, are not "class actions" within the meaning of CAFA).

3.     Instead, defendants claim that this is a case where all parties on whose behalf the action is brought assert claims in excess of $75,000. This argument also fails because this is a case brought under a state statute authorizing a single individual to assert claims on behalf of numerous persons injured by the defendant's conduct, in this case, making available gambling games that are illegal under Alabama law. Since the Supreme Court's decision in AU Optronics, supra, the federal courts have unanimously held that damages suffered by the parties on whose

behalf such an action is brought cannot be aggregated for purposes of determining whether the amount in controversy satisfies the jurisdictional threshold of $75,000. See e.g., Canela v. Costco Wholesale Corp., supra (one of numerous federal decisions holding that, in cases brought on behalf of parties pursuant to state statutes authorizing what are commonly referred to as "private attorney general" actions to pursue claims on behalf of numerous people or the general public, damages of the beneficiaries of the action may not be aggregated to satisfy the $75,000 jurisdictional amount).

## THIS IS A TYPE OF ACTION OFTEN REFERRED TO AS A PRIVATE ATTORNEY GENERAL ACTION

4.      Defendants make available online games and applications across multiple platforms that are illegal games of chance, and thus gambling, under Alabama law. Such games violate Alabama law if a patron pays money for the chance to win anything of value. VGW's games allow players to win free or extended playing time, which is a thing of value under Alabama Law. Ala. Code § 13A-12-20(11).

5.      Section 8-1-150 of the Code of Alabama, 1975 authorizes "any person" to recover money lost in illegal gambling on behalf of the "wife, children, or next of kin" of the gambler. More particularly, the statute states:

> (b) **any other person** may also recover the amount of such money, thing, or its value by an action commenced within 12 months after the payment or delivery thereof **for the use of** the

> wife, or if no wife, the children or if no children, the next of kin
> of the loser.

Ala Code 8-1-150(b) (emphasis supplied). Plaintiff here is "any person" and she brings claims on behalf of the families of Alabama residents who lost money playing defendants' illegal gambling games.

6.      Since the present case is brought by "any... person" to benefit a large group of persons and serve the public interest, many people would call the present case a "private attorney general action." See cases cited below, Newman v. Piggie Park Enterprizes, Inc. 390 U.S. 400 (1968) (Plaintiff bringing action to end discrimination in restaurants "does so not for himself alone but also as a 'private attorney general' vindicating a policy that Congress considered of the highest priority."); Smith v. Southeastern Financial Corp., 337 So. 2d. 330 (Ala. 1976) ("The Civil Worthless Check Act by using the word 'unlawful' and allowing a civil action to be maintained regardless of whether a criminal action has been instituted promotes the private Attorney General concept."). See, e.g., National Consumers League v. Flowers Bakeries, LLC, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014) (In the Flowers Bakeries case, plaintiff brought the case, as authorized by a District of Columbia statute, on behalf of purchasers of particular types of bread, who would recover if it prevailed in the case.),

7.      Likewise, Ms. Seal brings this case for the benefit of the families of Alabamians who have lost money to defendants in illegal gambling, pursuant to

Section 8-1-150, and to serve the public interests of the state. But whether one calls the case a "private attorney general action" or just describes it as it is, an action under an Alabama statute by any person as authorized by the statute to recover money lost, for the benefit of Alabama families, it is not removable.

8.     This case has but one plaintiff seeking this recovery on behalf of Alabama families. There are not 100 individuals joined as plaintiffs in the case seeking to have all their claims tried in one trial. The case likewise does not invoke Rule 23 or Alabama's analogous Rule 23.

## STANDARD FOR REMOVAL

9.     It is uncontroversial that federal courts have limited subject matter jurisdiction, strictly limited to congressional enactments defining the district courts' jurisdiction. University of South Alabama v. American Tobacco Co., 168 F.3d 405, 409-410 (11th Cir. 1999).

> It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress. . . . And because the Constitution unambiguously confers this jurisdictional power to the sound discretion of Congress, federal courts should proceed with caution in construing constitutional and statutory provisions dealing with their jurisdiction.

Id. (internal quotations and citations omitted).

10.    It is for this reason that removal jurisdiction must be strictly construed against the exercise of federal jurisdiction.

> Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941). Indeed, ***all doubts*** about jurisdiction should be resolved in favor of remand to state court.

Id. at 411, citing Burns v. Windsor Ins Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis supplied). "When jurisdiction is premised on the diversity of the parties, the court is obligated to assure itself that the case involves the requisite amount in controversy. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Indeed, "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns, supra, 31 F.3d at 1095.

11.    It is likewise uncontroversial that "in removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the parties are diverse and the $75,000 amount in controversy

jurisdictional threshold is met." <u>Shah v. Borden</u>, 2015 WL 4159948 at *2 (N.D. Ga. 2015) (citing <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F. 3d 1020, 1022 (11th Cir. 2004); <u>Fowler v. Safeco Ins. Co. Of Am</u>., 915 F. 2d 616, 618 (11th Cir. 1990). Defendant thus has the burden of demonstrating that Plaintiff's individual claim places more than $75,000 dollars in controversy, or of providing a legal reason that it may be aggregated with the recovery of the other individuals named in the statute. It can do neither.

## THE JURISDICTIONAL THRESHOLD FOR THE AMOUNT IN CONTROVERSY HAS NOT BEEN MET.

### A.    This is Not a Class Action Under CAFA

12.    This action is not a class action removable under CAFA because it does not invoke Rule 23 or an analogous state rule of procedure authorizing class actions. The Alabama legislature authorized "any person" to bring the suit, not just a person who could meet the requirements of Rule 23. The Alabama Supreme Court has held that when a statute authorizes "any person" to bring an action, it means what it says. <u>See</u> <u>Bates v. Crane</u>, 157 So. 3d 171, 174-75 (Ala. 2014) (interpreting statute that allowed any person to bring complaint before police board).

13.    Because this action can be brought by any person without inquiry into adequacy of representation, numerosity, or other class representation factors, it is not a class action.  <u>Canela v. Costco Wholesale Corp.</u>, 971 F. 3d 845, 851 (9th Cir. 2020); the Circuit Court of Appeals decision in <u>Mississippi ex rel. Hood v. AU Optronics</u>

Corp., 701 F.3d 796, 799 (5th Cir. 2012); Baumann v. Chase Investment Services

Corp., 747 F.3d 1117 (9th Cir. 2014) (private attorney general action lacked

numerosity, commonality, typicality or adequacy of representation requirements and

was not a class action), LG Display Co. LTD v Attorney General, 665 F.3d. 768 (7th

Cir. 2011) (AG action alleging price fixing on behalf of State and "harmed residents"

was "not a class action or mass action."); Clean Label Project Foundation v. Abbott

Laboratories, Inc, 2022 WL 1658813 (D.D.C. 2022) ("Courts in this District have

consistently and persuasively—concluded that suits on behalf of consumers under

the DCCPPA are 'private attorney general suits' and not class actions."); Coquina

Crossing Home Owners Association v. MHC Operating Limited Partnership, 2022

WL 843582 (M.D. Fl. 2022) (where case by association could proceed under statute

for benefit of homeowner without considering things such as numerosity,

commonality, notice, or opt outs it was not a class action under CAFA; Missouri v.

Portfolio Recovery Associates, Inc., 686 F. Supp. 2d 942, 948 (E.D. Mo. 2010)

(Attorney General action under Missouri Merchandizing Act "does not qualify as a

'class action' …  and it is not a 'mass action.'").

**B.    This is Not a Mass Action Under CAFA.**

14.    This is also not a mass action under CAFA. Mississippi ex rel. Hood

v. AU Optronics Corp., 571 U.S. 161, 176 (2014). The U.S. Supreme Court in AU

Optronics held that an attorney general action was not a "mass action" within

CAFA's meaning because the statute requires that there be literally 100 individuals joined as plaintiffs in the suit. The Supreme Court, in a unanimous decision, stated that the 100 or more persons mentioned in CAFA "are not unspecified individuals who have no actual participation in the suit, but instead the very 'plaintiffs' referred to later in the sentence—the parties who are proposing to join their claims in a single trial." Id. The Supreme Court stated: "CAFA's '100 or more persons' phrase does not encompass unnamed persons who are real parties in interest to claims brought by named plaintiffs." Id. In this case, only one plaintiff asserts the claims on behalf of numerous Alabama families harmed by defendants' conduct.

**C.      Damages Cannot be Aggregated in Determining the Amount in Controversy in a Private Attorney General Action Like This One.**

15.      Since the United States Supreme Court's decision in AU Optronics, federal courts have uniformly held that claims of absent beneficiaries to actions brought by one person for the benefit of other unnamed persons, such as private attorney general actions, cannot be aggregated for purposes of satisfying Section 1332's requirement of an amount in controversy of at least $75,000. Canela v. Costco Wholesale Corp., 971 F.3d 845, 850 (9th Cir. 2020) (in private attorney general action, claims of 968 employees on whose behalf recovery was sought could not be aggregated for jurisdictional purposes); National Consumers League v. Flowers Bakeries, LLC, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014) (in private attorney general action, aggregation of claims of absent parties on whose behalf recovery was sought

"runs afoul of the non-aggregation principle that 'separate and distinct claims of two or more plaintiffs cannot be aggregated to satisfy the jurisdictional amount required' except 'in cases in which two or more plaintiffs unite to enforce a single title or right which they have a common and undivided interest.'" (citing Snyder v. Harris, 394 U.S. 332 (1969)); Sharma v. Crosscode, Inc., 2022 WL 816555, slip op. at 6 (D. Minn. 2022) ("any alleged damages of non-parties are not part of the 'amount in controversy.'"); Massachusetts v. Exxon Mobil Corp., 462 F. Supp. 3d 31, 47-49 (D. Mass. 2020) (attorney general action not subject to CAFA, and so amount in controversy was not satisfied by aggregated claims of those on whose behalf the action was brought); Schupp v. United Automobile Assoc., 2023 WL 178468 (D. Md. 2023) (CAFA does not confer jurisdiction on pro se plaintiff's claim for declaratory judgment that would benefit a group of policy holders).

16.    Like the above-cited cases (and there are no cases holding to the contrary), this case involves a single plaintiff bringing a claim authorized by statute for the benefit of others who are not joined as plaintiffs, but who stand to benefit from the case. In such circumstances, the damages of those on whose behalf the claim is brought cannot be aggregated for jurisdictional purposes.

17.    The D.C. District Court's decision in Flowers Bakeries illustrates this principle. In that case, a private organization filed suit against Flowers Bakeries on behalf of the general public, claiming that the company violated the D.C. Consumer

Protection Procedures Act (DCCPPA), under which the plaintiff was authorized by the statute to bring a case on behalf of all those harmed by the violations. The case was filed in state court in D.C. The company removed the case to federal court claiming diversity jurisdiction. On motion to remand, the district concluded that the case did not satisfy the $75,000 amount in controversy requirement of Section 1332. The defendant there, similar to the defendants' argument here, claimed that the amount in controversy was met because the private organization sought to recover $1,500 in statutory damages for each sale of over 300,000 units of the product alleged to violate the DCCPPA. In rejecting this argument, the court wrote:

> In so arguing, defendant contends that because the total potential liability far exceeds the statutory threshold of $75,000, it has satisfied the amount in controversy requirement for purposes of establishing diversity jurisdiction. Calculating the amount in controversy in this way, however, runs afoul of the non-aggregation principle that "[t]he separate and distinct claims of two or more plaintiffs cannot be aggregated to satisfy the jurisdictional amount requirement" except "in cases in which two or more plaintiffs unite to enforce *a single title or right in which they have a common and undivided interest*." Snyder [v. Harris, 294 U.S. 332 (1969)]. Applying this standard to private attorney general actions, courts within this district have unanimously concluded that so long as individual consumers are eligible to recover individual damages, *the consumers do not have a "common and undivided interest"* that may be aggregated under the non-aggregation principle announced in Snyder. For these reasons, defendant cannot aggregate the claims of individual consumers in order to establish that the requisite amount in controversy [exists].

Flowers Bakeries, 36 F. Supp. 3d 26, 32 (D.D.C. 2014) (some citations omitted; emphasis supplied).

18.     Here, plaintiff does not seek to enforce a single title or right in which all of the Alabama families of gamblers who lost money on defendants' illegal gambling games have a "common and undivided interest." Rather, she seeks to recover for the use of each separate and individual family the amount they are entitled to recover. To put it in simple terms, a wife whose husband lost $40,000 on defendants' games would receive $40,000. A different next of kin of a person who lost $1.99 would receive $1.99. There is no common and undivided interest here, and so their potential recoveries cannot be aggregated for jurisdictional purposes.

19.     Plaintiff's position on non-aggregation in this case is also entirely consistent with pre-CAFA Eleventh Circuit authority. See Leonard v. Enterprise Rent a Car, 279 F.3d 967 (11th Cir. 2002) ("claims for compensatory damages in this action arose from each class member's individual rental agreement(s) with a defendant company" and therefore there was no "basis for aggregation.); Smith v. GTE Corporation, 230 F. 3d 1292, 1304 (11th Cir 2001) ("Class claims for punitive damages under Alabama law may not be viewed in the aggregate for amount in controversy purposes, but instead must be divided pro rata among each class member.").

20.     Some of the defendants in these related removed cases contend that their position on aggregation is supported by a handful of pre-CAFA cases out of the District of D.C. holding that claims for disgorgement, a remedy for a claim of unjust

enrichment, is a single undivided interest that may be aggregated for jurisdictional purposes. Setting aside the obvious distinction between this case brought on behalf of individual family members of Alabama gamblers to recover gambling losses and a case seeking disgorgement of profits for unjust enrichment, this argument is foreclosed by binding Eleventh Circuit precedent. The D.C. District Court cases followed one line of cases in what was then a split between the circuits. The Eleventh was and is on the other side of that split, squarely holding that restitution claims may not be aggregated for jurisdictional purposes. Morrison v. Allstate Indemnity Company, 228 F.3d 1255, 1263 (11th Cir. 2000) (rejecting argument that disgorgement claims could be aggregated, the court wrote: "For amount in controversy purposes, however, it is the nature of the right asserted, not that of the relief requested, that determines whether the claims of multiple plaintiffs may be aggregated."), citing with approval Pierson v. Source Perrier S.A., 848 F.Supp.1186, 1188-89 (E.D. Pa. 1994) (refusing to aggregate disgorgement of profits under unjust enrichment claim because "claims cannot be aggregated simply because [plaintiffs] frame their damages as equitable, rather than legal, relief.").

WHEREFORE, the premises considered, plaintiff prays for an order remanding this case to the Circuit Court of Franklin County, Alabama, with costs taxed as paid. Respectfully submitted this 27th of April, 2023,

/s/     Dargan M. Ware
One of the attorneys for Plaintiff

**<u>COUNSEL:</u>**

John E. Norris
D. Frank Davis
Wesley W. Barnett
Dargan M. Ware
DAVIS & NORRIS, LLP
Telephone: 205.930.9900
Facsimile: 205.930.9989
jnorris@davisnorris.com
fdavis@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

Jeffrey L. Bowling
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all counsel of record in this case through the CM/ECF system of the United States District Court for the Northern District of Alabama on April 27, 2023.

/s/    Dargan M. Ware
One of the attorneys for Plaintiff