
# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **AMY NICOLE SEAL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:23-cv-00462-CLS |
| ) | |
| **VGW, LTD., VGW HOLDINGS** ) | **ORAL ARGUMENT** |
| **US, INC., VGW US, INC., and** ) | **REQUESTED** |
| **VGW LUCKYLAND, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendants VGW Holdings Ltd. ("VGW") (incorrectly named in the Complaint as VGW, Ltd.), VGW Holdings US Inc., VGW US Inc., and VGW Luckyland Inc. (collectively, the "VGW Group") respectfully submit this opposition to Plaintiff Amy Nicole Seal's ("Plaintiff") Motion to Remand ("Motion").

## PRELIMINARY STATEMENT

1. Plaintiff has initiated her action seeking to recover potentially millions of dollars based on the premise that the VGW Group's social casino-themed games, which never require payment, are unlawful gambling games because they award virtual coins usable only for additional gameplay.

2. Plaintiff does not allege that she ever played any of the games herself and does not allege any relationship with anyone who **has** played the games.

Nevertheless, she seeks a windfall recovery of potentially millions of dollars based on two false premises: (1) that the VGW Group's social casino-themed games are unlawful gambling under Alabama law; and (2) that, under the third-party recovery prong of Alabama's gambling loss recovery statute enacted in 1852, Ala. Code § 8-1-150, she is therefore entitled to recover all amounts spent by Alabama residents in playing those games from March 2022 to March 2023.  (Doc. 1, Ex. A, Compl., ¶¶ 1, 24).

3. The VGW Group timely removed this case based on diversity jurisdiction under 28 U.S.C. § 1332(a).  (*See* Doc. 1, Notice of Removal, ¶¶ 13-23).  Plaintiff does not dispute diversity of citizenship.  Rather, she argues that the amount in controversy does not exceed $75,000.  She has not brought this suit to redress any damages that she suffered (since she never played the games and suffered no harm) (*see* Doc. 5, Motion to Remand, ¶ 7), but instead claims this action is what "many people would call" a "private attorney general action" (*id.*, ¶ 6), and aggregation of others' alleged losses or damages to satisfy the amount-in-controversy requirement under § 1332(a) is prohibited in private attorney general actions.  (*See id.*, ¶¶ 3-8, 15-20).[1] Plaintiff's argument fails for at least two reasons.

---

[1] The VGW Group does not dispute that this action is not a class action that might warrant removal under the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. § 1332(d). (*See* Doc. 5, ¶¶ 2, 12-14).  However, the VGW Group does dispute that the gambling loss recovery statute permits a plaintiff who is a stranger to the players of the VGW Group's games in Alabama to bring a single action to recover the money spent by all persons in Alabama.

4. **First**, Plaintiff indisputably seeks to recover a single award of money spent in the games by all players in Alabama from March 2022 to March 2023, *i.e.*, potentially millions of dollars, under the gambling loss recovery statute, which far exceeds $75,000. (*See id.*; Doc. 1, Ex. A, ¶¶ 1, 24). The statute states:

> Any other person may also recover the amount of such money, thing, or its value [lost upon any game or wager by another person] by an action commenced within 12 months after the payment or delivery thereof for the use of the wife or, if no wife, the children or, if no children, the next of kin of the loser.

(Ala. Code § 8-1-150(b)). The plain language of the statute directs that any recovery be awarded **directly to Plaintiff** if she prevails, not the players, their families, or anyone else.

5. Plaintiff has no answer to this. So, instead, she invents language that does not exist in the statute. She argues that any recovery is not really going to her because, under the statute, she is pursuing the recovery "on behalf of" the players' wives, children or next of kin. (*See* Doc. 5, ¶¶ 5, 8, 14, 20). But that is not what the statute says. The statute expressly states that Plaintiff can recover "for the use of"— not "on behalf of"—the players' families. The Alabama Supreme Court has made clear that "[i]t is not proper for a court to read into [a] statute something which the legislature did not include although it easily could have done so." (*Noonan v. East-West Beltline, Inc.*, 487 So. 2d 237, 239 (Ala. 1986)). The Court should reject Plaintiff's argument for remand because it rests on a distortion of the statutory text.

3

6. Applying the words that are used in the statute rather than Plaintiff's invented language, Plaintiff—and Plaintiff alone—is the "other person" who will "recover" third parties' alleged losses if she Plaintiff prevails. That Plaintiff would recover the money "for the use of" the players' wives, children or next of kin is irrelevant, both because the phrase "for the use of" is mere surplusage and without any legal effect, *Whaley v. Wynn*, 208 Ala. 342, 343-44 (1922), and because under the plain language of the statute any recovery will be delivered to Plaintiff for her to spend, use or distribute in her discretion as she sees fit. There is nothing in the statute that compels Plaintiff to distribute the money she recovers to the players or their families.

7. **Second**, putting aside that Plaintiff seeks a single award of damages, aggregation is proper in suits brought by one plaintiff asserting a single claim for recovery, as Plaintiff does here. This is because "the non-aggregation principle only applies to '[t]he separate and distinct claims of *two or more plaintiffs*.'" (*See In re Folgers Coffee, Mktg. Litig.*, No. 21-2984-MD-W-BP, 2021 WL 5106457, at *3-4 (W.D. Mo. Aug. 19, 2021) (emphasis in original)). Here, there is only one Plaintiff, and that Plaintiff is seeking a single recovery of all amounts spent by Alabamians on the VGW Group's games.

8. Thus, the "amount in controversy" requirement for diversity jurisdiction is met, and Plaintiff's Motion should be denied.

## PROCEDURAL BACKGROUND

9. Plaintiff originally filed this suit in the Circuit Court of Franklin County, Case No. 33-CV-2023-900031, on March 8, 2023. (Doc. 1, Ex. A). Plaintiff asserts claims for alleged violations of Alabama's gambling laws codified at Ala. Code § 13A-12-20 through § 13A-12-92 and seeks to recover pursuant to the third-party recovery prong of the gambling loss recovery statute, Ala. Code § 8-1-150(b). (*Id.*).

10. On April 11, 2023, the VGW Group removed the case to this Court based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1). On April 27, 2023, Plaintiff moved to remand the case on the grounds that the amount in controversy does not exceed $75,000 to establish diversity jurisdiction. (Doc. 5).

## ARGUMENT

### A.  The Threshold Elements of Diversity Jurisdiction Are Satisfied

11. Federal courts have original jurisdiction over cases where there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. (28 U.S.C. § 1332(a)). Where, as here, "a plaintiff makes an unspecified demand for damages in state court, a removing defendant" need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." (*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *see also Hawes v. Bailey*, No. 2:17-cv-01811-SGC, 2018 WL 2445688, at *3 (N.D. Ala. May 31, 2018) (same)).

This Court "'need not suspend reality or shelve common sense' when evaluating" whether the amount in controversy requirement has been met. (*Merriweather v. Digsby*, No. 7:21-cv-00577-LSC, 2021 WL 2935936, at *2 (N.D. Ala. July 12, 2021) (quoting *Roe*, 613 F.3d at 1062).

12.     Plaintiff does not dispute that diversity of citizenship is met.  Nor does she dispute any of the facts set forth in the declaration of the VGW Group's Head of Data Science – Payments at VGW Holdings Ltd. Paul Foster, which irrefutably establish that the recovery Plaintiff seeks—"all sums paid by Alabama residents to [the VGW Group] in its online [social casino-themed] games" over the past year (Doc. 1, Ex. A, ¶ 24)—easily exceeds $75,000.  (Doc. 1, Ex. B, Foster Decl., ¶ 6). For that reason alone, the Motion should be denied.  (*See*, *e.g.*, *Garcia-Brosa v. Arvato Digit. Servs., LLC*, No. 12-24216, 2013 WL 12093135, at *3 (S.D. Fla. Apr. 1, 2013) (denying motion to remand where "the unrebutted evidence provided by Defendant" established that the amount in controversy requirement was met)).

### B.     Plaintiff Seeks a Single Award of Damages in Excess of $75,000

13.     Plaintiff's Complaint, as pled, seeks a single "recovery of all sums paid by Alabama residents to [the VGW Group] in its online [social casino-themed] games" from March 2022 to March 2023.  (Doc. 1, Ex. A, ¶ 24).  Plaintiff claims she is entitled to this single award of damages under the third-party recovery prong of Alabama's gambling loss recovery statute, which purportedly

6

provides that if a gambler does not bring suit to recover his losses within six months of suffering the loss (Ala. Code § 8-1-150(a)), then "[a]ny other person may also recover" the gambler's losses "for the use of the wife or, if no wife, the children or, if no children, the next of kin of the loser." (*Id.* § 8-1-150(b)).

14. The statute is clear that recovery is to be awarded to that "other person" seeking recovery of the money, and not anyone else. Here, it is undisputed that if Plaintiff were to prevail on her claims, her recovery would be well over $75,000. (*See* Doc. 1, Ex. B, Foster Decl., ¶ 6). Therefore, pursuant to the statute, any "recovery of all sums paid by Alabama residents to [the VGW Group]"—potentially millions of dollars—would be singly awarded directly to Plaintiff and no one else. In no meaningful sense can the recovery sought here be understood as anything other than recovery sought by Plaintiff alone. Indeed, Plaintiff repeatedly admits in her Motion and her Complaint that "[t]his case has but one Plaintiff seeking this recovery": herself. (Doc. 5, ¶ 8; *id.* ¶ 14 ("In this case, only one plaintiff asserts the claims"); *id.* ¶ 16 ("[T]his case involves a single plaintiff bringing a claim authorized by statute"); *see also* Doc. 1, Ex. A, ¶ 17 (Plaintiff "is such an 'other person'" under § 8-1-150(b) entitled to recover the purchases of "every Alabama citizen who paid money to [the VGW Group] to play gambling games within the past 12 months")).

15. Plaintiff's proposed recovery shares many similarities with the plan found in *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37 (D.D.C. 1999). The plaintiffs in *Aetna* demanded that the defendants "disgorge the profits derived from their . . . anticompetitive activities." (*Id.* at 41). The court held that the case was removable because, *inter alia*, "if any given plaintiff does not collect his, her or its share, then it does not change the amount of profits of which defendants must be disgorged." (*Id.*). The court also found the "Defendants have no interest in how the claim is to be distributed among the class members because, if plaintiff was to prevail on its claim as alleged, the number of other plaintiffs to be paid would not reduce or increase the amount of money to be disgorged." (*Id.*).

16. The same is true here. Plaintiff demands a single, undivided recovery of "all sums paid by Alabama residents to [the VGW Group]," with that amount fixed regardless of how many wives, children or next of kin exist and regardless of whether or how any recovery is distributed among them.[2]

17. Moreover, the statute does not restrict or otherwise govern the use of that money after it is awarded to Plaintiff. The Alabama Supreme Court repeatedly

---

[2] Contrary to Plaintiff's contention, *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000), is not inconsistent with that position. In *Morrison*, the court found a claim for disgorgement was not removable because "the members of the Policyholder Class are asserting rights arising from their individual insurance policies, and if successful, **they will recover the amount of excessive premiums each paid under his own policy**." (*Id.* at 1264 (emphasis added)). Unlike the claim in *Aetna U.S. Healthcare, Inc.*, or in the instant case, each plaintiff's claim in *Morrison* was "separate and distinct," as recovery would flow directly to each member of the class.

has held the phrase "for the use of" to be mere surplusage when evaluating its legal effect in pleadings. For example, in *Whaley*, an owner's agent (Mrs. Wynn) brought an unlawful detainer action to evict a lessee from the owner's (Mrs. Lowe's) property, framing the complaint as instituted by "Mrs. Wynn, for the use of Mrs. Mary C. Lowe." (*Whaley*, 208 Ala. at 343-44). The Alabama Supreme Court held that, notwithstanding that framing, Mrs. Wynn was the real party plaintiff, and the phrase "for the use of Mrs. Mary C. Lowe" could be treated as surplusage and was without significance so far as the tenant was concerned. (*Id.*).

18. In addition, in *Tarrant*, a bank instituted a trover action "for its own use and benefit and for the use and benefit of [its insurance company]" against a tortfeasor. (*Tarrant Am. Sav. Bank v. Smokeless Fuel Co.*, 233 Ala. 507, 510-12 (1937)). The Alabama Supreme Court again held that "the employment of the words 'for the use and benefit of [its insurance company] . . .' may be treated as surplusage, so far as concerns the defendant," reasoning that "general authorities are to the effect, that where one who sues for the use of another, and such party is entitled to recover, the fact that the usee's name is inserted in the pleading may be treated as surplusage[.]" (*Id.* at 511).

19. The Court should interpret this phrase in the same way here. That the legislature, which first enacted the gambling loss recovery statute and its third-party recovery provision in 1852, left that language unchanged, despite multiple

recodifications to the statute through 1940, is evidence that it understood and reflected the Alabama Supreme Court's interpretation in *Whaley* and *Tarrant*.[3] It is a well-settled rule of statutory interpretation that "it is permissible in ascertaining their purpose and intent to look to the history of the times, the existing order of things, the state of the law when the instrument was adopted, and the conditions necessitating such adoption." (*Barber v. Cornerstone Cmty. Outreach, Inc.*, 42 So. 3d 65, 79 (Ala. 2009)).

20.   Courts in other jurisdictions have similarly interpreted the phrase "for the use of" as of no legal consequence. For example, in *McCray*, an administrator amended a declaration to change the named plaintiff to add "for the use of [a widow and child of the deceased]" in a wrongful death action. (*McCray v. Moweaqua Coal Mining & Mfg. Co.*, 149 Ill. App. 565, 568–69 (Ill. App. Ct. 1909)). The court held that the amendment "did not operate to change the action" and instead "[t]he words interpolated were but mere surplusage and added nothing to the declaration." (*Id.* at 568).

21.   Plaintiff attempts to avoid the force of that judicial direction by inserting words into the statute that do not exist, arguing that Plaintiff seeks recovery "on behalf of" the players' families. (*See* Doc. 5, ¶¶ 5, 8, 14, 20). But the statute

---

[3] *See* Ala. Code § 8-1-150(b) (1852); Ala. Code § 8-1-150(b) (1867); Ala. Code § 8-1-150(b) (1876); Ala. Code § 8-1-150(b) (1886); Ala. Code § 8-1-150(b) (1896); Ala. Code § 8-1-150(b) (1907); Ala. Code § 8-1-150(b) (1923); Ala. Code § 8-1-150(b) (1940).

expressly states that Plaintiff can recover "**for the use of**"—not "on behalf of"—the players' families. With that phrasing, the statute identifies the party seeking the recovery as the real party in interest. (*See* Ala. R. Civ. P. 17 (stating that "every action shall be prosecuted in the name of the real party in interest")).

> [T]he real party in interest principle is a means to identify the person who possesses the right sought to be enforced. Therefore, the term directs attention to whether [the] plaintiff has a significant interest in the particular action he has instituted.

(*Dennis v. Magic City Dodge, Inc.*, 524 So.2d 616, 618 (Ala. 1988) (quoting 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1542 (1971)).

22. Even if this Court were to determine that "for the use of" does limit Plaintiff's discretion in spending or otherwise disposing of funds recovered, the result would be the same. Here, it is Plaintiff who "possesses the right"—recovery of funds spent by players—"sought to be enforced." (*Id.*). Hence, it is Plaintiff who is the real party in interest. United States Supreme Court precedent reinforces that point. In *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-65 (1980), the Court held that trustees, **not** the beneficiaries of the trust, were the real parties in interest for purposes of determining diversity of citizenship, noting that the trustees exercise "control over the assets" and that the beneficiaries "neither control the disposition of this action nor intervene in the affairs of the trust except in the most extraordinary situations."

11

23. Here, too, even if the "wife," "children" and "next of kin" are regarded as intended "beneficiaries" of Plaintiff's decision-making with respect to any recovery, Plaintiff possesses ultimate discretion to determine whether and how to direct any funds to accomplish that purpose—whether, to whom and how to distribute them, in what amounts and for what specific ends. The plain language of the statute affords the "wife," "children" and "next of kin" no rights in that regard.

24. Finally, the fact that the Complaint in its Prayer for Relief styles its requested remedy as "a final judgment against [the VGW Group] awarding to the family and next of kin of all gamblers that made payments from Alabama all money" is irrelevant. (*See* Doc. 1, Ex. A, Prayer for Relief). The gambling loss recovery statute by its plain language does not permit such relief, and the Court cannot fashion, such relief. (*See* Ala. Code § 8-1-150(b)). Moreover, Plaintiff herself pleads elsewhere in her Claim for Relief that "*Plaintiff Amy Nicole Seal seeks recovery* of all sums paid by Alabama residents to [the VGW Group] . . . ." (*See* Doc. 1, Ex. A, ¶ 24 (emphasis added)).

### C. The Non-Aggregation Principle Does Not Preclude Removal

25. Plaintiff also cannot dispute that she would receive a single direct recovery of over $75,000 if she were to prevail. Because Plaintiff's potential for such a recovery satisfies the amount in controversy requirement, Plaintiff has concocted a theory—based on inapposite out-of-circuit case law—that the amount

in controversy requirement is nonetheless not met here because the VGW Group is attempting to aggregate all Alabamians' alleged damages, which is not permitted for purposes of establishing diversity jurisdiction in private attorney general actions. Plaintiff is wrong.

### 1. Plaintiff Cites No Case Law that Removal of Actions under the Gambling Loss Recovery Statute Is Not Permitted

26. Plaintiff's contention that removal of actions under the gambling loss recovery statute to recover money is not permitted is unfounded. (*See* Doc. 5, ¶ 7). Plaintiff cites no case law that removal is improper in actions seeking recovery under the gambling loss recovery statute. (*See generally* Doc. 5). Nor can she since no courts have addressed this issue.

27. Plaintiff's reliance on the decisions in *AU Optronics*, *Exxon*, and *Schupp* is displaced. (*See* Doc. 5, ¶¶ 2, 3, 13-15). *AU Optronics*, *Exxon*, and *Schupp* have no relevance as to whether remand is appropriate here because the cases are directed to the proprietary of removal under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (*See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 163 (2014) (denying removal sought under the CAFA); *Massachusetts v. Exxon Mobil Corp.*, 462 F. Supp. 3d 31 (D. Mass. 2020) (same); *Schupp v. United Auto. Assoc.*, No. 1:22-cv-00714-JRR, 2023 WL 1784681 (D. Md. Feb. 6, 2023) (same)). The VGW Group does not seek removal under the CAFA and instead seeks removal under the Court's diversity jurisdiction, 28 U.S.C. § 1332(a).

13

28. The *Newman*, *Flowers Bakeries*, *Canela*, *Snyder*, *Leonard*, and *GTE Corp.* decisions upon which Plaintiff relies are also readily distinguishable. (*See* Doc. 5, ¶¶ 6, 15, 17, 19). Those cases involved class actions seeking recovery on behalf of numerous individuals. (*See Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401-02 (1968) (class action); *Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26 (D.D.C. 2014) (action to recover on behalf of individual customers pursuant to the D.C. Consumer Protection Procedures Act, which provides that damages are expressly payable to those individual consumers); *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 851 (9th Cir. 2020) (class action to recover on behalf of Costco employees); *Snyder v. Harris*, 394 U.S. 332, 333 (1969) (class action brought by a shareholder on behalf of herself and all other similarly situated); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 971 (11th Cir. 2002) (class action); *Smith v. GTE Corp.*, 236 F.3d 1292, 1304 (11th Cir. 2001) (same)).[4] This case is not a class action or brought on behalf of others. To the contrary, the gambling loss recovery statute indicates that any recovery is to be awarded directly to the person seeking recovery, *i.e.*, Ms. Seal only.

29. Finally, the *Sharma* case is also inapplicable. (Doc. 5, ¶ 15). The VGW Group does not seek to aggregate damages of separate and individual claims of non-

---

[4] Further, the *Southeastern Financial Corp.* case is inapposite because it says nothing about removal and involves an entirely different statute, the Civil Worthless Check Act. (*See Smith v. Southeastern Fin. Corp.*, 337 So.2d 330 (Ala. 1976)).

14

parties. (*See Sharma v. Crosscode, Inc.*, No. 21-cv-01766 (SRN/BRT), 2022 WL 816555 (D. Minn. Mar. 17, 2022) (denying removal where defendant sought to aggregate non-party damages)). Plaintiff seeks to recover an individual award under the gambling loss recovery statute, which she alleges permits her to recover the total amount of purchases by users of the VGW Group's games not on behalf of others but in her own right.

**2. Even If the Court Were to Find that the VGW Group Attempts to Aggregate Damages, Aggregation of the Total Amounts of Purchases by Users of the VGW Group's Games Is Permitted in Determining the Amount in Controversy**

30. Even if the Court somehow were to find that the VGW Group is attempting to aggregate damages (it is not), aggregation of the total amount of purchases by users of the VGW Group's games in Alabama is permitted because Plaintiff is not asserting separate and distinct claims of those individual users.

31. *Folgers* is particularly instructive. There, a plaintiff moved to remand an action brought pursuant to the District of Columbia Consumer Protection Procedures Act that was removed under 28 U.S.C. § 1332(a), arguing that the amount in controversy did not exceed $75,000 because the non-aggregation principle applied. (*See, e.g.*, *Folgers*, 2021 WL 5106457, at *3-4). However, the court denied remand since the non-aggregation principle only applies to "separate and distinct claims of two or more plaintiffs," and "a judgment against [p]laintiff

15

would not preclude any other resident of the District of Columbia from bringing another suit on the same basis." (*Id.*).

32.  Similar to the action in *Folgers*, this action is brought by a single plaintiff, Ms. Seal, who seeks to recover an individual award pursuant to the gambling loss recovery statute, which she claims allows her directly to recover the total amount of purchases by other players of the VGW Group's games in her own right.  Plaintiff does not seek to recover based on separate and distinct claims of the players, and each of those players (subject to the relevant limitations period) could attempt to bring another suit of his or her own under the gambling loss recovery statute.  However, if a player filed a first-party action to recover that player's own purchases, the VGW Group would have an absolute defense under the statute on the ground that the money was already paid out to Plaintiff. (*See* Ala. Code § 8-1-150(c) ("A judgment under either subsection (a) or (b) for the amount of money paid, thing delivered, or its value **is a good defense to any action brought for such money, thing, or its value under the provisions of the other subsection**.") (emphasis added)).  In that circumstance, the player or family member would need to try to recover from Plaintiff.  The same would be true if a family member or any other person sought to bring a third-party claim under § 8-1-150(b); subsection (c) similarly would bar their recovery.  The structure of the statute itself therefore

reinforces that Plaintiff is bringing a single, undivided claim for recovery into her own pocket.

33. Thus, aggregation of the total amount of purchases by users of the VGW Group's games is permitted and thereby satisfies the "amount in controversy" requirement to establish diversity jurisdiction.

## CONCLUSION

34. For the foregoing reasons, the VGW Group respectfully requests that the Court deny Plaintiff's Motion. The VGW Group respectfully requests that the Court hear oral argument on the Motion.

Dated:  May 19, 2023

Respectfully Submitted,

*/s/ John Earnhardt*
John Earnhardt (ASB-3724-A49J)
Carmen Chambers (9445n13U)
MAYNARD NEXSEN PC
1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203
Tel: (205) 254-1204
jearnhardt@maynardnexsen.com
cchambers@maynardnexsen.com

*Attorneys for Defendants VGW Holdings Ltd., VGW Holdings US Inc., VGW US Inc., and VGW Luckyland Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May 2023, the foregoing document was served on counsel of record for Plaintiff Amy Nicole Seal, listed below, via email and certified mail:

Jeffrey L. Bowling
BEDFORD, ROGERS &BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Dargan M. Ware (WAR089)
DAVIS & NORRIS, LLP
2154 Highland Avenue S.
Birmingham, AL 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
inorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

*Counsel for Plaintiff Amy Nicole Seal*

*/s/ John Earnhardt*
John Earnhardt