

FILED

2023 May-30  AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **AMY NICOLE SEAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **No. 3:23-cv-00462-CLS** |
| | ) |
| **VGW LTD, VGW HOLDINGS** | ) |
| **US INC., VGW US INC., and** | ) |
| **VGW LUCKYLAND, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

### REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

Defendants' opposition to plaintiff's motion to remand is squarely based on an outlandish misinterpretation of Section 8-1-150(b) of the Code of Alabama that ignores the plain language of the statute, flouts basic rules of statutory construction, demonstrates apparent ignorance of the historical meaning of "use," and defies common sense.

**A.      Statutory Construction Rules Presume the Legislature Did Not Use Surplus Words.**

Section 8-1-150(b) provides:

(b) ***any other person*** may also recover the amount of such money, thing, or its value by an action commenced within 12 months after the payment or delivery thereof ***for the use of*** the wife, or if no wife, the children or if no children, the next of kin of the loser.

Ala Code 8-1-150(b) (emphasis supplied).  Defendants' response?

> Plaintiff – and Plaintiff alone – is the "other person" who will "recover" third parties' alleged losses if she [sic] Plaintiff prevails.  That plaintiff would recover the money "for the use of" the players' wives, children, or next of kin is irrelevant, both because the phrase "for the use of" is mere surplusage and without any legal effect, <u>Whaley v. Wynn</u>, 208 Ala. 342, 343-44 (1922), and because under the plain language of the statute any recovery will be delivered to Plaintiff for her to spend, use or distribute in her discretion as she sees fit.  There is nothing in the statute that compels Plaintiff to distribute the money she recovers to the players or their families.

Opposition (Doc. 7) ¶ 6. These assertions are dead wrong in every particular.

The thin reed on which defendants' entire argument rests is the assertion that the phrase "for the use of," when used in a statute, is "mere surplusage" "without any legal effect" that may simply be ignored. According to this argument, section 8-1-150(a) is properly read as having a period after the word "thereof," with the entire rest of the provision deleted. The Alabama Supreme Court does not interpret Alabama statutes in this manner. Instead, our supreme court adheres to the elementary "maxim that statutes must 'be considered as a whole, and ***every word given effect*** if possible.'" <u>Stiff v. Equivest, L.L.C.</u>, 2022 WL 570455, slip op. at *4 (Ala. 2022) (emphasis supplied), <u>quoting</u> <u>Ex parte Beshears,</u> 669 So. 2d 148, 150 (Ala. 1995).

In fact, Alabama's statutory construction rules expressly forbid the precise argument that defendants make in this case: that words in a statute should be treated as "mere surplusage." The Alabama Supreme Court has repeatedly held that "[t]here

is a presumption that every word, sentence, or provision of a statute has some force and effect and that ***no superfluous words or provisions were used***." Barnett v. Panama City Wholesale, Inc., 312 So. 3d 754, 757 (Ala. 2020) (internal quotations and ellipses omitted); see also Lang v. Cabela's Wholesale, LLC, 2022 WL 2286239, slip op. at *4 (Ala. 2022); Young v. Myhrer, 243 F. Supp. 3d 1243, 1255 (N.D. Ala. 2017); Richardson v. Stanford Props., LLC, 897 So. 2d 1052, 1058 (Ala. 2004); Sheffield v. State, 708 So. 2d 899, 909 (Ala. Crim. App. 1997).

Likewise, it "must be presumed" "that statutes are enacted with a meaningful purpose." Ex parte Uniroyal Tire Co., 779 So. 2d 227, 236 (Ala. 2000) (internal quotations omitted). "The Legislature will not be presumed to have done a futile thing in enacting a statute." Id., citing Ex parte Watley, 708 So. 2d 890, 892 (Ala. 1997). In sum, there "is a presumption that every word, sentence, or provision was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that ***no superfluous words or provisions were used***." Sheffield v. State, supra, 708 So. 2d at 909 (emphasis supplied).

Under these principles, defendants' construction of the statute is legally impermissible. The Court cannot simply elide an entire provision, as defendants request it do. Defendants have not cited any authority for the proposition that, when used in a statute, the words "for the use of" should be ignored as "mere surplusage."

**B.    "For the Use Of" is a Common Law Pleading Term Synonymous With "For the Benefit Of" or "On Behalf Of."**

Since Alabama law on statutory construction forbids simply excising from the statute the parts that defendants do not like, the question becomes what does the statute mean when it says that the action may be brought "for the use of the wife, or if no wife, the children or if no children, the next of kin of the loser." Ala. Code § 8-1-150(b).

Far from defendants' ridiculous idea that "for the use of" is "mere surplusage" and "without legal effect," it turns out that a "use plaintiff" was a common law pleading term of art meaning one on whose behalf a claim is brought by another. The Alabama Supreme Court explained it this way in 1914, quoting from a leading treatise of the day on common law pleading rules:

> At an early day courts of law began to recognize the equitable rights of assignees and others; and, to obviate the injustice to them from the rule that only the person having the legal title can sue, the practice obtained of allowing the person equitably entitled to sue in the name of the person legally entitled.  In such case the person in whose name the suit is brought is called the record, nominal, or legal plaintiff, and the person for whose benefit the action is prosecuted is called the equitable, beneficial, or ***use plaintiff***.

Alabama Great So. Ry. Co. v. H. Altman & Co., 67 So. 589, 590 (Ala. 1914) (emphasis supplied), quoting 15 Ency. Pl. & Pr. 487. Thus, in this case, the plaintiff would, under common law pleading rules, be the "record, nominal, or legal

plaintiff," and the families of Alabama citizens who lost money playing defendants' illegal gambling games would be the "equitable, beneficial, or use plaintiff"—plaintiff for the use of the families of those who lost money.

Therefore, when section 8-1-150(b) was enacted, and for most of its history until the Alabama Supreme Court adopted the modern rules of civil procedure in 1973, "for the use of" simply meant "for the benefit of" or "on behalf of." This was, as we can see from the quotation above, hornbook law in that day and age.

Other courts in states with similar gambling loss recovery statutes based on the Statute of Anne have had no difficulty interpreting their statutes consistent with the historical understanding of "for the use of." In 1883 Tennessee had a loss recovery statute identical to Alabama's, and the Tennessee Supreme Court, faced with whether to allow an amendment of the complaint for the plaintiff to add the phrase "for the use of" his wife, stated:

> [W]e see no reason why the husband may not as well bring this suit under the language of the section quoted—"any person"—as a third party.

Forrest v. Grant, 79 Tenn. 305, 306 (1883). Similarly, in 1935 Georgia had a version of the Statute of Anne that, when a gambler failed to sue for his losses, a suit could be brought "by any person, at any time within four years, for the joint use of himself and the educational fund of the county." Ga. Code § 16-8-3. In that year, a Georgia citizen entered into a bet on a golf game with Lloyd's of London, and won the bet.

Thereafter, someone who obviously was not a fan of the Georgia gambler who won the bet sued him to recover the amount lost by Lloyd's, and the Georgia Court of Appeals had no problem interpreting "for the joint use of" as half to the plaintiff and half to the education fund of the county. Tatham v. Freeman, 180 S.E. 871 (Ga. Ct. App. 2nd Div. 1935).

## C.  Defendants Inexplicably Cite Cases That Are Consistent with Pre-Rules Common Law Pleading Practice of Suing "For the Use Of."

In their desperation to avoid the plain meaning of section 8-1-150(b), defendants cite to Alabama common law pleading cases that are fully consistent with the cases cited above as to the meaning of "for the use of." In Whaley v. Wynn, 208 Ala. 342 (1922), the court was faced with an unlawful detainer action filed by an owner's agent "for the use of" the owner. The court noted that, as far as the tenant whom the plaintiff sought to evict was concerned, the "for the use of" language was mere surplusage. In other words, the defendant did not have any interest in who was trying to kick it off the premises. Whether the suit was brought directly by the owner or by the owner's agent, the defendant faced eviction. Whaley cites Cooper v. Gambill, 146 Ala. 184 (1906), which described the law on pleading an unlawful detainer action in a representative capacity:

> The action of unlawful detainer could not be maintained by the purchaser in his own name alone.  It was entirely proper, however, for the lessor to institute the suit for the use of the purchaser, the real party in interest.

146 Ala. at 187.

Similarly, in <u>Tarrant Am. Sav. Bank v. Smokeless Fuel Co.</u>, 233 Ala. 507 (1937), a bank instituted an action to recover the value of worthless checks drawn on the bank. The bank filed the action for its own use and for the use of its insurance company that had covered the losses occasioned by the worthless checks drawn on the bank, and the court, similar to <u>Whaley</u>, noted that as far as the defendant was concerned, he had no interest in whether the recovery was going to the bank or the insurance company. <u>Tarrant</u> cited to <u>Whaley</u> and, like the court in <u>Whaley</u> did, also to <u>Cooper</u>, which affirms the meaning of "for the use of" in the common law pleadings context.

The advent of modern rules of civil procedure disposed of the technical pleading problems raised by early twentieth century common law pleading rules that the court faced in <u>Whaley</u> and <u>Tarrant</u>. Rule 17(a) of the Alabama Rules of Civil Procedure, under which this case was originally filed, provides:

> *Real party in interest.* Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or ***a party authorized by statute*** may sue in that person's own name without joining the party for whose benefit the action is brought.

Ala. R. Civ. Proc. 17(a) (emphasis supplied); <u>see also</u> Fed. R. Civ. Proc. 17(a)(1)(g) The plaintiff here has brought this case in her own name because she is authorized by 8-1-150(b), an Alabama statute, to do so, even though the real parties in interest

are the families of Alabamians who lost money playing defendants' illegal gambling games.

**D.   Defendants' Citation of Authority Allowing Aggregation of Claims for Jurisdictional Purposes is Unavailing.**

As we explained in the Motion to Remand, since the United States Supreme Court's decision in <u>Mississippi ex rel. Hood v. AU Optronics Corp.</u>, 571 U.S. 161, 176 (2014), federal courts have uniformly held that claims of absent beneficiaries to actions brought by one person for the benefit of other unnamed persons, such as private attorney general actions, cannot be aggregated for purposes of satisfying Section 1332's requirement of an amount in controversy of at least $75,000. <u>Canela v. Costco Wholesale Corp.</u>, 971 F.3d 845, 850 (9th Cir. 2020) (in private attorney general action, claims of 968 employees on whose behalf recovery was sought could not be aggregated for jurisdictional purposes); <u>National Consumers League v. Flowers Bakeries, LLC</u>, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014) (in private attorney general action, aggregation of claims of absent parties on whose behalf recovery was sought "runs afoul of the non-aggregation principle that 'separate and distinct claims of two or more plaintiffs cannot be aggregated to satisfy the jurisdictional amount required' except 'in cases in which two or more plaintiffs unite to enforce a single title or right which they have a common and undivided interest.'" (citing <u>Snyder v. Harris</u>, 394 U.S. 332 (1969)); <u>Sharma v. Crosscode, Inc.</u>, 2022 WL 816555, slip op. at 6 (D. Minn. 2022) ("any alleged damages of non-parties are not part of the

'amount in controversy.'"); Massachusetts v. Exxon Mobil Corp., 462 F. Supp. 3d 31, 47-49 (D. Mass. 2020) (attorney general action not subject to CAFA, and so amount in controversy was not satisfied by aggregated claims of those on whose behalf the action was brought); Schupp v. United Automobile Assoc., 2023 WL 178468 (D. Md. 2023) (CAFA does not confer jurisdiction on pro se plaintiff's claim for declaratory judgment that would benefit a group of policy holders).

Defendants cite a single district court case from the Eighth Circuit that holds the other way on the non-aggregation principle. In re: Folger's Coffee Marketing Litigation, 2021 WL 5106457 (W.D. Mo. 2021). That case is a lone voice in the wilderness, crying out against the great weight of authority cited above.

Defendants also cite Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 48 F. Supp. 2d 37 (D.D.C. 1999), for the proposition that damages may be aggregated for jurisdictional purposes when the plaintiff in a private attorney general action seeks disgorgement as a remedy to unjust enrichment. As we pointed out in the Motion to Remand, this D.C. District Court case followed one line of cases in what was then a split between the circuits. The Eleventh was and is on the other side of that split, squarely holding that restitution claims may not be aggregated for jurisdictional purposes. Morrison v. Allstate Indemnity Company, 228 F.3d 1255, 1263 (11th Cir. 2000) (rejecting argument that disgorgement claims could be aggregated, the court wrote: "For amount in controversy purposes,

however, it is the nature of the right asserted, not that of the relief requested, that determines whether the claims of multiple plaintiffs may be aggregated."), citing with approval Pierson v. Source Perrier S.A., 848 F.Supp.1186, 1188-89 (E.D. Pa. 1994) (refusing to aggregate disgorgement of profits under unjust enrichment claim because "claims cannot be aggregated simply because [plaintiffs] frame their damages as equitable, rather than legal, relief.").

## CONCLUSION

At bottom, defendants' entire argument is based on an effort to distinguish the phrases "for the use of," "for the benefit of," as "representative" of, and "on behalf of." There is no distinction, however, as a matter of law, procedure, language, grammar, or common sense. We have demonstrated that historical Alabama common law pleadings rules equate "for the use of" with "on behalf of."  We have cited herein and in the Motion to Remand private attorney general and class cases, and other cases refusing to aggregate the damages of absent parties where a single plaintiff, like the plaintiff here, seeks to recover for their benefit. There is no distinction between those cases and this one, other than in the defendants' baseless and demonstrably false assertions.

WHEREFORE, the premises considered, plaintiff prays for an order remanding this case to the Circuit Court of Franklin County, Alabama, with costs taxed as paid. Respectfully submitted this 30th of May, 2023,

/s/    Dargan M. Ware      
One of the attorneys for Plaintiff

**COUNSEL:**

John E. Norris
D. Frank Davis
Wesley W. Barnett
Dargan M. Ware
DAVIS & NORRIS, LLP
Telephone: 205.930.9900
Facsimile: 205.930.9989
jnorris@davisnorris.com
fdavis@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

Jeffrey L. Bowling
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all counsel of record in this case through the CM/ECF system of the United States District Court for the Northern District of Alabama on May 30. 2023.

/s/     Dargan M. Ware
One of the attorneys for Plaintiff